UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
LOUIS PURDIE,

        Plaintiff,

                                                    9:05-CV-0705
   v.                                            (NAM)(GHL)

SST. MAHONEY; OFFICER CROSSMAN,

        Defendants.
--------------------------------------------------------------------------------
APPEARANCES:

LOUIS PURDIE
Plaintiff, *pro se*

NORMAN A. MORDUE, U.S. DISTRICT JUDGE

**DECISION AND ORDER**

**I.    Background.**

The Clerk has sent to the Court an amended complaint by Louis Purdie ("Plaintiff" or "Purdie"). The amended complaint was filed in accordance with this Court's Order dated June 17, 2005. Plaintiff was previously granted leave to proceed with this action *in forma pauperis*. At the time the action was filed plaintiff was incarcerated, but he has now been released.

The June Order observed that:

In the caption of his complaint plaintiff names two defendants, Mahoney and Crossman. The body of the complaint contains no mention of Mahoney. The only mention of Crossman in the body of the complaint is a statement that he was one of the five persons who accompanied plaintiff's parole officer on April 29, 2005. However, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.' " *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991)). Plaintiff is obligated to set forth allegations of personal involvement by each named defendant in his complaint, and may not meet this obligation with conclusory allegations. Thus, plaintiff is advised that if he seeks to sue individuals who allegedly violated his rights, he must name them in the caption of his complaint *and* set forth specific allegations of wrongdoing as to each individual in the body of his complaint. Docket No. 4.

Thus, plaintiff was directed to file an amended complaint. With respect to the amended pleading, the Court directed:

> Any such amended complaint, which shall supersede and replace in its entirety the previous complaint filed by plaintiff, must contain a caption that clearly identifies, by name, each individual and/or entity that Purdie is suing in the present lawsuit, and must bear the case number assigned to this action. The body of plaintiff's complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if Purdie claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights. *Id.*

## II. The Amended Complaint.

A review of the amended complaint reveals that plaintiff has wholly failed to comply with the prior order of the Court. Of greatest concern to the Court is the fact that the amended complaint does not contain a caption. Thus, despite the Court's explicit directive to plaintiff that "he must name them [defendants] in the caption of his complaint *and* set forth specific allegations of wrongdoing as to each individual in the body of his complaint", he has failed to do so. As a result of plaintiff's noncompliance, it is impossible for this Court to determine who plaintiff intended to name as defendants to this action.

Of lesser significance, but indicative of plaintiff's unwillingness to follow the directives of the Court, is the fact that plaintiff set forth all of his allegations in one long narrative, rather in the form specified by the Court. While this failure is not fatal in and of itself, it is a clear indication that plaintiff made no effort to address the deficiencies identified and discussed in the June Order. In light of Plaintiff's unwillingness to demonstrate any effort to comply with the prior order of the Court, this

action will be dismissed.[1]

Accordingly, it is hereby

ORDERED, that this action is dismissed, without prejudice, due to Plaintiff's failure to comply with the terms of the Orders of this Court, and the Court further

ORDERED, that the Clerk serve a copy this Order on Plaintiff by regular mail.

IT IS SO ORDERED.

Dated:   November 14, 2005

Norman A. Mordue
U.S. District Judge

---

[1] The Court notes that the events alleged in the complaint appears to have occurred in 2005. Thus, it does not appear that plaintiff is in peril of being barred by the statute of limitations from bringing a subsequent action. Because the dismissal is without prejudice, plaintiff may file another action, if he so chooses, and set forth his causes of action in accordance with the Federal Rules of Civil Procedure.